## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Angelo J. Genova, Esq.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>agenova@genovaburns.com<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel to the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Jeffrey L. Jonas, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY  10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA  02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* |
| **BAILEY GLASSER LLP**<br>Brian A. Glasser, Esq.<br>Thomas B. Bennett, Esq.<br>bglasser@baileyglasser.com<br>tbennett@baileyglasser.com<br>105 Thomas Jefferson St. NW, Suite 540<br>Washington, DC  20007<br>Tel: (202) 463-2101<br>Fax: (202) 463-2103<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* | **OTTERBOURG P.C.**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY  10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* |

| | |
|---|---|
| **PARKINS LEE & RUBIO LLP**<br>Leonard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinslee.com<br>crubio@parkinslee.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX 77002<br>Tel: (713) 715-1666<br>*Proposed Special Counsel to the Official*<br>*Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>100 Main Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official*<br>*Committee of Talc Claimants* |

| | |
|---|---|
| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>                    Debtor. | Chapter 11<br><br>Case No.: 21-30589(MBK)<br><br>Honorable Michael B. Kaplan |
| **LTL MANAGEMENT LLC,**<br><br>                    Plaintiff,<br><br>       v.<br><br>**THOSE PARTIES LISTED ON<br>APPENDIX A TO COMPLAINT<br>and JOHN AND JANE<br>DOES 1-1000**,<br><br>                    Defendants. | Adv. Pro. No. 21-03032 (MBK) |

**NOTICE OF MOTION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS'<br>MOTION FOR WITHDRAWAL OF THE REFERENCE<br><u>OF ADVERSARY PROCEEDING NO. 21-03032 (MBK)</u>**

TO: All Parties-in-Interest

**PLEASE TAKE NOTICE** that the Official Committee of Talc Claimants (the "Committee") appointed in the above-referenced chapter 11 case (the "Case"), and party to the above referenced adversary proceeding, Adv. Pro. No. 21-03032 (MBK) (the "Adversary Proceeding") by virtue of the so ordered stipulation entered November 24, 2021 [Adv. Pro. Dkt. No. 109], by and through their proposed undersigned counsel, hereby respectfully moves the United States District Court for the District of New Jersey (the "Court") for entry of an order withdrawing the Adversary Proceeding to the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), pursuant to 28 U.S.C. § 157(d), Fed. R. Bankr. P. 5011, and D.N.J. LBR 5011-1 (the "Motion"); and

**PLEASE TAKE FURTHER NOTICE** that the Motion is being filed pursuant to D.N.J. LBR 5011-1, which provides that "[a] motion for withdrawal of the reference . . . shall be filed in the bankruptcy court," but that "[a]ll such motions are then to be immediately transmitted to the district court"; and

**PLEASE TAKE FURTHER NOTICE** that the Motion will be returnable before the Court on December 20, 2021; and

**PLEASE TAKE FURTHER NOTICE** that the Committee hereby requests oral argument if the Motion is opposed.

Respectfully submitted,

Dated: November 24, 2021        By: */s/ Daniel M. Stolz*

                     Angelo J. Genova, Esq.
                     Daniel M. Stolz, Esq.
                     Donald W. Clarke, Esq.
                     Matthew I.W. Baker, Esq.
                     **GENOVA BURNS LLC**
                     110 Allen Road
                     Suite 304
                     Basking Ridge, NJ 07920
                     Tel: 973-467-2700
                     Fax: 973-467-8126
                     Email:    agenova@genovaburns.com
                                        dstolz@genovaburns.com
                                        dclarke@genovaburns.com
                                        mbaker@genovaburns.com

                     *Proposed Co-Counsel for the Official Committee of Talc Claimants*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Angelo J. Genova, Esq.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>agenova@genovaburns.com<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel to the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Jeffrey L. Jonas, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* |
| **BAILEY GLASSER LLP**<br>Brian A. Glasser, Esq.<br>Thomas B. Bennett, Esq.<br>bglasser@baileyglasser.com<br>tbennett@baileyglasser.com<br>105 Thomas Jefferson St. NW, Suite 540<br>Washington, DC 20007<br>Tel: (202) 463-2101<br>Fax: (202) 463-2103<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* | **OTTERBOURG P.C.**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* |

| **PARKINS LEE & RUBIO LLP** | **MASSEY & GAIL LLP** |
| --- | --- |
| Leonard M. Parkins, Esq. | Jonathan S. Massey, Esq. |
| Charles M. Rubio, Esq. | jmassey@masseygail.com |
| lparkins@parkinslee.com | 100 Main Ave. SW, Suite 450 |
| crubio@parkinslee.com | Washington, DC  20024 |
| Pennzoil Place | Tel: (202) 652-4511 |
| 700 Milan St., Suite 1300 | Fax: (312) 379-0467 |
| Houston, TX  77002 | *Proposed Special Counsel for the Official* |
| Tel: (713) 715-1666 | *Committee of Talc Claimants* |
| *Proposed Special Counsel to the Official* | |
| *Committee of Talc Claimants* | |

Chapter 11

In re:

Case No.: 21-30589(MBK)

**LTL MANAGEMENT, LLC,**

Honorable Michael B. Kaplan

          Debtor.

**LTL MANAGEMENT LLC,**

Adv. Pro. No. 21-03032 (MBK)

          Plaintiff,

    v.

**THOSE PARTIES LISTED ON
APPENDIX A TO COMPLAINT
and JOHN AND JANE
DOES 1-1000**,

          Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF THE OFFICIAL COMMITTEE OF TALC
CLAIMANTS' MOTION FOR WITHDRAWAL OF THE REFERENCE OF
ADVERSARY PROCEEDING NO. 21-03032 (MBK)**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................. 1

BACKGROUND.................................................................................................. 7

    A.   J&J Resorts To Structuring As "Liability Management"................................. 7

    B.   Bankruptcy Filing And Adversary Proceeding. ............................................. 8

    C.   Transfer Of Venue To District Of New Jersey ............................................ 10

ARGUMENT ................................................................................................... 10

    A.   Withdrawal Is Appropriate Under The *Pruitt* Factors .................................. 11

    B.   Other Considerations, On Balance, Weigh In Favor Of Withdrawal............................ 14

CONCLUSION.................................................................................................. 17

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*A.H. Robins Co., Inc. v. Piccinin*, <u>788 F.2d 994</u> (4th Cir. 1986) .................................................. 12

*Calascibetta v. Pension Fin. Servs., Inc. (In re U.S. Mortg. Corp.)*, Civil Action Nos. 2:11-cv-07222 (DMC)(JAD), 2:11–cv–07223 (DMC) (JAD), <u>2012 WL 1372284</u> (D.N.J. Apr. 19, 2012)................................................................................................................................ 11, 13

*Drs. Assocs., Inc. v. Desai*, No. Civ. Action No. 10-575, <u>2010 WL 3326726</u> (D.N.J. Aug. 23, 2010)........................................................................................................................................... 16

*Holland America Ins. Co. v. Succession of Roy*, <u>777 F.2d 992</u> (5th Cir. 1985)........................... 11

*In re Combustion Engineering, Inc.*, <u>391 F.3d 190</u> (3d Cir. 2004).............................................. 16

*In re Federal–Mogul Global, Inc.*, <u>300 F.3d 368</u> (3d Cir. 2002)............................................... 16

*In re LightSquared Inc.*, No. 14 Civ. 8550(RMB), <u>2014 WL 6386734</u> (S.D.N.Y. Nov. 10, 2014) ............................................................................................................................................... 17

*In re Pruitt*, <u>910 F.2d 1160</u> (3d Cir. 1990).................................................................................. 11

*In re Recoton Corp.*, No. 04 Civ. 2466(DLC), <u>2004 WL 1497570</u> (S.D.N.Y. July 1, 2004)....... 17

*Innovasystems, Inc. v. Proveris Scientific Corp.*, Civil Action No. 13–05077, <u>2013 WL 5539288</u> (D.N.J. Oct. 7, 2013) ................................................................................................................ 15

*Karagjozi v. Bruck*, Civ. No. 17-6305, <u>2017 WL 4155104</u> (D.N.J. Sept. 20, 2017)................... 15

*Kohn v. Haymount Ltd. P'ship, LP (In re Int'l Benefits Grp., Inc.)*, Civil Action No. 06-2363(KSH), <u>2006 WL 2417297</u> (D.N.J. Aug. 21, 2006) .................................................. 10, 14

*Maritime Elec. Co., Inc. v. United Jersey Bank*, <u>959 F.2d 1194</u> (3d Cir. 1991).......................... 12

*McCartney v. Integra Nat'l Bank N.*, <u>106 F.3d 506</u> (3d Cir. 1997)............................................ 11

*Official Committee of Asbestos Claimants v. G-I Holdings, Inc. (In re G-I Holdings, Inc.)*, <u>295 B.R. 211</u> (D.N.J. 2003)................................................................................................. 11, 12, 15

*Pacor, Inc. v. Higgins*, <u>743 F.2d 984</u> (3d Cir. 1984) ................................................................. 16

*Pan Am Corporation, et al. v. Delta Air Lines, Inc. (In re Pan Am Corp.)*, <u>163 B.R. 41</u> (S.D.N.Y.1993) ..................................................................................................................... 7, 15

*Pittsburgh Corning Corp. v. Mingo (In re Pittsburgh Corning Corp.)*, 277 B.R. 74 (Bankr. W.D. Pa. 2002)...................................................................................................................... 7, 15

*Schlein v. Golub (In re Schlein)*, 188 B.R. 13 (E.D. Pa. 1995)...................................................... 14

*Katz v. Karagjozi (In re Kara Homes, Inc.)*, Bankruptcy No. 06-19626 (MBK), Adv. Proc. No. 08-2406 (MBK), Civil Action No. 09-1775 (MLC), 2009 WL 2223035 (D.N.J. July 22, 2009) ........................................................................................................................................... 15

*NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905 (D. Del. 1996)...................... 12

*SPIC v. Bernard L. Madoff Inv. Secs. LLC*, 486 B.R. 579 (S.D.N.Y. 2013) .............................. 13

*Stanford v. Foamex L.P.*, Civil Action No. 07-4225, 2009 WL 1033607 (E.D. Pa. Apr. 15, 2009) ........................................................................................................................................... 12

*Stanziale v. Bear Stearns, Inc. (In re Dwek)*, No. 07-11757 (KCF), Civil Action No. 09-4833 (FLW), 2010 WL 2545174 (D.N.J. June 18, 2010) ......................................................... 14, 15

*Sullivan v. Maryland Casualty Co. (In re Ramex Int.'l., Inc.)*, 91 B.R. 313 (E.D. Pa. 1988)  10, 16

*Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995) ...................................................... 16

*Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.)*, 72 F.3d 1171 (3d Cir. 1996)............. 15

*Troisio v. Poirier (In re U.S.A. Floral Products, Inc.)*, No. 01–1230 (MFW), ADV. 03–52514, Civ.A. 05–00039–KAJ, 2005 WL 3657096 (D. Del. July 1, 2005)......................................... 15

*United Orient Bank v. Green*, 200 B.R. 296 (S.D.N.Y. 1996) .................................................... 15

**Statutes**

11 U.S.C. § 105............................................................................................................................ 16

11 U.S.C. § 362(a) ....................................................................................................................... 16

28 U.S.C. § 1334(a) ..................................................................................................................... 10

28 U.S.C. § 1334(b) ..................................................................................................................... 10

28 U.S.C. § 157(a) ....................................................................................................................... 10

28 U.S.C. § 157(b)(5) .................................................................................................................. 13

28 U.S.C. § 157(d) ....................................................................................................................... 11

The Official Committee of Talc Claimants (the "**Official Committee**") appointed in the above-referenced chapter 11 case (the "**Bankruptcy Case**") of LTL Management LLC (the "**Debtor**"), hereby submits this memorandum of law in support of its motion (the "**Motion**") for the entry of an Order of the United States District Court for the District of New Jersey (the "**Court**") withdrawing the reference of the above-captioned adversary proceeding (the "**Adversary Proceeding**") (Adv. Pro. No. 21-03032 (MBK)), pending in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**").[1]  In support of the Motion, the Official Committee respectfully states as follows:

## PRELIMINARY STATEMENT

The Official Committee seeks withdrawal of the reference of only the Adversary Proceeding (*i.e.*, not the entire Bankruptcy Case) pending with the Bankruptcy Court.  The Adversary Proceeding was only recently filed and, shortly thereafter, transferred to this District. It involves a discrete and finite issue-namely, whether talcum powder-related litigation against non-debtor entities, including Johnson & Johnson ("**J&J**"), should be enjoined as a consequence of the Debtor's bankruptcy filing.  Resolution of the Adversary Proceeding requires no specialized bankruptcy knowledge.   Rather, knowledge of the facts and circumstances pertinent to the underlying talcum powder-related claims, the separate liabilities of Johnson & Johnson, affiliates and others, and the long history of talcum powder-related liabilities are key.  As the presiding MDL Judge over the parallel proceeding, *In Re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Litigation,* MDL 2738 (MDL 2738) (the "**MDL**"), this Court has that knowledge.  The Bankruptcy Court does not.  As emphasized by the North Carolina Bankruptcy Court in transferring venue to this District, this Court is uniquely qualified to rule on

---

[1]      The Official Committee is a party to the adversary proceeding by virtue of a Stipulation and Order between the Debtor and the Official Committee entered on November 24, 2021. Adv. Pro. Dkt. No. 109.

1

issues respecting talcum powder-related claims, including causation, liability, and (if necessary) estimation. *See Order Transferring Case to the District of New Jersey* (the "**Transfer Order**"), at 5 [Dkt. No. 416] (observing that this Court (i) has "devoted significant time and resources over the past five years litigating" in the MDL; (ii) "has resolved important issues and gained an understanding of potential liability, causation, defenses, and settlement discussions"; and (iii) "presents a unique opportunity to help work towards an estimation of present and future claims that could take place in any future bankruptcy proceeding.").

The Adversary Proceeding was initiated by the Debtor, a non-operating "special purpose vehicle" (an "**SPV**") created by J&J and its consumer products affiliate ("**Old JJCI**") a mere two days before its October 14, 2021 bankruptcy filing. This was done by so-called "divisive merger" under Texas law to wall off talcum powder-related tort liability from the vast financial resources of J&J and its non-debtor affiliates. In short, Old JJCI was split into two: its operating assets and business were transferred to a "GoodCo" (which later became "**New JJCI**"), and its talcum powder-related liabilities were transferred to a "BadCo" (the Debtor), along with a handful of non-operating assets that were designed solely "to effectuate a bankruptcy filing and have no other business purpose." *See Transfer Order*, at p. 9.

Almost immediately, the Debtor reincorporated in North Carolina in an effort "to manufacture venue and . . . outsmart the purpose of the [Bankruptcy Code's venue] statute." *See Id.*, at p. 10. Two days after forming, the Debtor, and only the Debtor (*i.e.*, not J&J, Old JJCI, or any other affiliate or entity), filed for bankruptcy in the Western District of North Carolina in, as the North Carolina Bankruptcy Court noted, an apparent attempt to exploit the Fourth Circuit's stringent standard for dismissal as a "bad faith" bankruptcy filing. *See id.*, at pp. 9–10 ("[T]he Debtor's actions indicate a preference to file bankruptcy in this district, likely due to the Fourth

Circuit's two-prong dismissal standard and Judge Hodges's estimation ruling in the *Garlock* case.").

Upon the Debtor's bankruptcy filing, J&J and Old JJCI announced to the world – through securities filings, press releases, and notices filed on court dockets throughout the country – that the bankruptcy filing of its newly-created SPV effected a stay of all talcum powder-related litigation against J&J, Old JJCI, and hundreds of other non-debtor entities.[2]

The Bankruptcy Code, of course, does not automatically stay litigation against non-debtors, and so, a few days after filing for bankruptcy, the Debtor filed an "emergency motion" seeking to immediately stay all talcum powder-related litigation against J&J, Old JJCI, and the other non-debtor entities. *See Debtor's Emergency Motion to Enforce the Automatic Stay Against Talc Claimants Who Seek to Pursue Their Claims Against the Debtor and Its Non-Debtor Affiliates* [Dkt. No. 44]. The Debtor sought this sweeping relief through a procedurally deficient contested matter on effectively no notice to tort claimants – who, it bears observing, are the Debtor's *only* creditors. *See Transfer Order*, at p. 2 ("The Debtor's only liabilities are Old JJCI's liabilities arising from talc-related claims.").

The Bankruptcy Court instructed the Debtor to correct its procedural error by filing an adversary proceeding seeking injunctive relief, which Adversary Proceeding is the subject of this withdrawal request.

Given, among other things, the Debtor's lack of any contacts with North Carolina and the extensive contacts with New Jersey (particularly, more than 36,000 pending talcum powder-related

---

[2]     Counsel for Johnson & Johnson advised this Court (as well as Special Master Joel Schneider) that the Debtor's bankruptcy filing automatically stayed these proceedings against all non-Debtor J&J Defendants in this MDL. *See* Exhibit 1 annexed hereto (October 15, 2021 email from Susan Sharko, Esq. to Chief Judge Freda Wolfson); *see also* Exhibit 2 (October 25, 2021 email from Susan Sharko, Esq. to Judge Joel Schneider). The same representation was made to courts throughout the country, including the United States Supreme Court. *See* Exhibit 3 (*Notice of Bankruptcy Filing and Stay* filed with the Supreme Court of the United States, No. 21-348).

ovarian cancer and mesothelioma cases), the North Carolina Bankruptcy Court *sua sponte* ordered the Debtor and related parties to explain why venue of the Bankruptcy Case should not be transferred. *See* Oct. 22, 2021 Hr'g Tr. at 216:17–218:12. The North Carolina Bankruptcy Court, thereafter, entered its order transferring venue to this District, emphasizing this Court's familiarity with the underlying talcum powder-related claims through the 35,000 ovarian cancer cases pending in the MDL, and the fact that many of the 430 pending mesothelioma cases are in New Jersey state court.

Before entering the transfer order, the North Carolina Bankruptcy Court issued a short-term, 60-day bridge injunction in the Adversary Proceeding to prevent the Bankruptcy Case from arriving "on fire."[3] That bridge injunction will expire on January 14, 2022, and the Debtor will assuredly seek an extension. The Debtor is, in sum, an insignificant legal entity set up solely for bankruptcy, not because it has any need for bankruptcy, but instead to serve as a passive conduit through which J&J – a conglomerate of monumental size, power, and wealth *despite* its well-known current and future talc liability – can seize the injunctive benefits of Chapter 11 without having to file for Chapter 11.

Through this Motion, the Official Committee seeks entry of an Order withdrawing the reference with respect to the Adversary Proceeding. Each of the pertinent factors set out by the Third Circuit in *In re Pruitt* weighs strongly in favor or withdrawal:

(i)     <u>Economical Use of Resources</u>. The underlying claims implicated by the Adversary Proceeding are tort claims related to the use of J&J's and Old JJCI's talc products.

---

[3]     *See* Nov. 5, 2021 Hr'g Tr. at 143:12–18 ("But the point is that I think that, particularly given that I am moving the case, the last thing I want to do is send it with it on fire to the, to the recipient court. And so we need to, to slow down just for a little bit here and let a new judge take a look at this situation, read what we've written before, and then get the other constituencies on board before we go any further with that.").

The gravamen of the Adversary Proceeding concerns whether there are direct, non-derivative claims against J&J, Old JJCI, and other non-debtors, and whether the continued litigation of such claims would adversely affect the Debtor. Familiarity with and understanding of the underlying claims (*e.g.*, causation, liability, etc.) will be critically important.[4] Specialized bankruptcy knowledge will not. This Court has gained considerable knowledge and experience with the facts and circumstances having direct bearing on the underlying claims. This Court also possesses significant factual context for the series of transactions J&J orchestrated in October of 2021 that resulted in the creation of the Debtor two days before the bankruptcy filing, and the assertion now that, as a result of those transactions, continued litigation against J&J and the other non-debtor entities would impair the Debtor's "reorganization." As a result, this Court is uniquely suited to adjudicate the relief requested in the Adversary Proceeding. This is particularly true given the impact of this Adversary Proceeding on the MDL. In view of this Court's history with the underlying claims, it should be responsible for determining the extent to which these claims are stayed.

(ii)     <u>Uniformity in Administration</u>. Withdrawing the reference will promote uniformity in administration. First, analysis of the claims would be before a Court with significant knowledge of the relevant factual background. Second, the underlying claims cannot be resolved by the Bankruptcy Court should this case proceed. The Official Committee intends to seek dismissal of the Bankruptcy Case, but if that relief is not granted, under § 157(b)(5), the underlying claims would need to be

---

[4]     *See Transfer Order*, at pp. 5–6.

resolved in the District Court.  Withdrawing the reference would ensure that all substantive analysis of the underlying claims would be conducted by one Court.

(iii)   <u>Expediting Bankruptcy Process</u>. The District Court's experience with the facts and circumstances surrounding the underlying claims will expedite the Adversary Proceeding.  In contrast to the Bankruptcy Court, the District Court will not have to "get up to speed" on the technical or complex aspects of the underlying claims. Further, withdrawal of only the Adversary Proceeding will enable the balance of the Bankruptcy Case to proceed in due course before the Bankruptcy Court, if not more expeditiously without the need for the Bankruptcy Court to devote resources to the Adversary Proceeding. The determination of the Adversary Proceeding will have far-reaching consequences for the thousands of living victims, who do not have the benefit of time, and the families of the deceased victims who have cases pending in state and federal courts around the country. The benefit of the efficiency gained from the District Court's background cannot be overstated.

(iv)   <u>Forum Shopping and Confusion</u>.  The Official Committee is seeking withdrawal of the reference because it believes that this Court is best positioned to analyze the underlying claims and adjudicate the relief requested in the Adversary Proceeding. The only forum shopping in this case was perpetrated by the Debtor when it manufactured venue in North Carolina.

The timing of this request further favors withdrawal.  The Adversary Proceeding was initiated only weeks ago and transferred to this District just last week.  No significant pre-trial motion practice, discovery, or hearings have occurred in the matter.  The Bankruptcy Court has not invested meaningful time or resources into the dispute.  And, given that the Debtor has been

litigating in the District Court over many of the underlying claims for years, it will not be prejudiced by withdrawal. Finally, although the North Carolina Bankruptcy Court included a finding that the Adversary Proceeding was a "core" proceeding, that finding, by its terms, is not binding on future courts and, in any event, "core" proceedings can nevertheless be withdrawn under circumstances such as this. *See, e.g.*, *Pittsburgh Corning Corp. v. Mingo (In re Pittsburgh Corning Corp.)*, 277 B.R. 74, 78 (Bankr. W.D. Pa. 2002) (noting that withdrawal of the reference of core bankruptcy proceedings is permissible "'based on a finding by the Court that the withdrawal of reference is essential to preserve a higher interest' (quoting *Pan Am Corporation, et al. v. Delta Air Lines, Inc. (In re Pan Am Corp.)*, 163 B.R. 41, 43 (S.D.N.Y.1993))).

Accordingly, the Official Committee respectfully requests that this Court enter an order withdrawing the reference for the Adversary Proceeding.

## BACKGROUND

### A. J&J Resorts To Structuring As "Liability Management".

The Debtor was created only days before the commencement of its Bankruptcy Case through a restructuring under Texas law referred to as a "divisive merger." On October 12, 2021, the Debtor's predecessor, Johnson & Johnson Consumer, Inc. (Old JJCI), converted from a New Jersey entity into a Texas limited liability company. Then, through the use of Texas's divisive merger statute, Old JJCI ceased to exist, splitting into two successor entities and allocated its assets to one (GoodCo) and liabilities to the other (BadCo, or, in this case, the Debtor). Because Texas law requires GoodCo to remain secondarily liable on BadCo's liabilities (a fact that would have defeated, in part, the purpose of the divisive merger), J&J took the further step of merging GoodCo into a New Jersey corporation, New JJCI, which is now the Debtor's immediate parent company. *See Declaration of John K. Kim in Support of First Day Pleadings* (the "**First Day Declaration**"), at ¶¶ 19, 23 [Dkt. No. 5]. Following the divisive merger, the Debtor was re-domiciled in North

7

Carolina in an effort to manufacture jurisdiction in North Carolina and avail itself of the Fourth Circuit's heightened standard for "bad faith" dismissals. *See Transfer Order*, at pp. 9–10.

As a result of the divisive merger, the Debtor received all of Old JJCI's talcum powder-related liability along with certain non-operating assets befitting a passive SPV – a royalty stream, a $6 million bank deposit, and a limited indemnity right from J&J and Old JJCI.  *Id.*  All other business, operating, and other assets and liabilities of Old JJCI were ultimately assigned to New JJCI.  *Id.*

**B.  Bankruptcy Filing And Adversary Proceeding.**

On October 14, 2021 (the "**Petition Date**"), the Debtor filed for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Western District of North Carolina.  On October 18, 2021, the Debtor filed the *Debtor's Emergency Motion to Enforce the Automatic Stay against Talc Claimants Who Seek to Pursue Their Claims Against the Debtor and Non-Debtor Affiliates* (the "**Emergency Stay Motion**").  [Dkt. No. 44].  The Emergency Stay Motion sought entry of interim and final orders applying the automatic stay of § 362(a) of the Bankruptcy Code to all talcum powder-related claims asserted against J&J, New JJCI, and "any other affiliate of the Debtor. . . ."

Ultimately, the North Carolina Bankruptcy Court deemed the Emergency Stay Motion as a request for a temporary restraining order – which was denied – and instructed the Debtor to proceed by an adversary proceeding and to file a complaint seeking the injunctive relief requested in the Emergency Stay Motion.  On October 21, 2021, the Debtor filed a complaint (the "**Complaint**") commencing the instant Adversary Proceeding, seeking to stay all talcum powder-related claims of the Defendants against 490 non-debtor affiliates, including J&J and New JJCI; approximately 140 retailers; and approximately 100 insurance companies (the "**Alleged Protected**

**Parties**"). The Debtor also sought, by way of the Complaint, a preliminary injunction and temporary restraining order in favor of the same parties.

On the same day, the Debtor filed the *Debtor's Motion for an Order (I) Declaring that the Automatic Stay Applies to Certain Actions Against Non-debtors or (ii) Preliminarily Enjoining such Actions and (iii) Granting a Temporary Restraining Order Pending a Final Hearing* (the "**Preliminary Injunction Motion**"), which sought the same relief requested in the Complaint on a preliminary basis. Adv. Pro. <u>Dkt. No. 2</u>. In the Preliminary Injunction Motion, the Debtor argued that extension of the automatic stay to the Alleged Protected Parties was appropriate because either (a) the Alleged Protected Parties share such an identity of interest with the Debtor that the Debtor is, in effect, the real-party defendant, or (b) the claims are property of the Debtor's estate. Thus, such an action is expressly enjoined by § 362(a)(1) because it constitutes an "action or proceeding against the debtor" to recover a prepetition claim. *See Preliminary Injunction Motion*, at p. 5.

After a two-day evidentiary hearing, the North Carolina Bankruptcy Court entered an order granting a short-term, 60-day preliminary injunction ("**PI Order**"). Adv. Pro. <u>Dkt. No. 102</u>. The record of the November 10, 2021 hearing is incorporated into the PI Order. *Id.* The Order is expressly "without prejudice" to the presiding court's authority to modify or terminate the stay or injunction, including based on a later determination that claims against the Alleged Protected Parties are *not* claims "against the debtor" subject to the stay. *Id.* ¶¶ 5, E. As the North Carolina Bankruptcy Court explained on November 10, 2021, it did not want to bind the hands of any subsequent judge ruling on the preliminary injunction:

> So what I'm effectively doing is making a preliminary ruling that says that the stay is in effect on the talc-based claims as against not just the debtor and as against Old JJCI, but also as against J&J, the other protected parties, including the retailers.
>
> Now that's painting with a very broad brush. We obviously have not had the occasion to go through 38,000 different complaints in, in cases and look at the facts and determine whether all of this is really, in effect, a claim that can be said against

the debtor.  To that extent, I'm sure my successor will take the position that they have the right to go back and, and parties may move for exclusion from that.  And if they can show that this is not related to the debtor and the debtor's products and operations, then likely they can get out from under it.

Nov. 10, 2021 Tr., 136: 4–18.

### C.  <u>Transfer Of Venue To District Of New Jersey</u>.

On November 16, 2021, the North Carolina Bankruptcy Court entered an order transferring the Debtor's Case, including the Adversary Proceeding, to the District of New Jersey (the "**<u>Transfer Order</u>**").  <u>Dkt. No. 416</u>.  Among the key reasons cited by the North Carolina Bankruptcy Court for the transfer was the existence of the MDL, which has been pending before this Court for approximately five (5) years.  *Id.*  The North Carolina Bankruptcy Court noted that the Debtor's *only* liabilities are talcum powder-related claims against Old JJCI.  As the North Carolina Bankruptcy Court concluded, moving the Debtor's Case to this District would best serve administration of the estate in part because of this District Court's familiarity with many of the facts and circumstances germane to the underlying talcum powder-related claims.

## <u>ARGUMENT</u>

The District Court has original jurisdiction over all bankruptcy cases and proceedings thereunder.  <u>28 U.S.C. § 1334(a)</u>, <u>(b)</u>.  It also has discretion to refer bankruptcy proceedings to the district's bankruptcy courts.  <u>28 U.S.C. § 157(a)</u>; *see e.g.*, *Sullivan v. Maryland Casualty Co. (In re Ramex Int.'l., Inc.)*, <u>91 B.R. 313, 315</u> (E.D. Pa. 1988).  Exercising this discretion, the District Court of New Jersey has "referred all proceedings arising under Title 11 to the bankruptcy court pursuant to a standing order of reference dated July 13, 1984."  *Kohn v. Haymount Ltd. P'ship, LP (In re Int'l Benefits Grp., Inc.)*, Civil Action No. 06-2363(KSH), <u>2006 WL 2417297</u>, at *1 (D.N.J. Aug. 21, 2006).

This Court nevertheless retains discretion to withdraw the reference of this Adversary Proceeding to this District's Bankruptcy Court "for cause shown." 28 U.S.C. § 157(d).[5] Although "cause" for permissive withdrawal is not statutorily defined, the Third Circuit Court of Appeals in *In re Pruitt* enumerated certain non-exclusive factors for a court to consider. These include: (i) economical use of resources, (ii) uniformity of administration, (iii) expediting the bankruptcy process, and (iv) reducing forum shopping. *See In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (citing *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)). Other factors considered by courts are the timing of the request, and whether the matter is a "core" or "non-core" proceeding within the meaning of § 157(b)-(c). *See, e.g.*, *Calascibetta v. Pension Fin. Servs., Inc. (In re U.S. Mortg. Corp.)*, Civil Action Nos. 2:11-cv-07222 (DMC)(JAD), 2:11–cv–07223 (DMC) (JAD), 2012 WL 1372284, at *2 (D.N.J. Apr. 19, 2012); *Official Committee of Asbestos Claimants v. G-I Holdings, Inc. (In re G-I Holdings, Inc.)*, 295 B.R. 211, 216 (D.N.J. 2003). Application of these factors strongly militates in favor of withdrawal.

A. **Withdrawal Is Appropriate Under The *Pruitt* Factors**.

Each of the *Pruitt* factors strongly favors withdrawal. First, withdrawing the reference would promote the economical use of resources. Adjudication of the Adversary Proceeding requires analysis of the underlying tort claims and determining whether such claims are direct, non-derivative claims, and whether the continued litigation of such claims would adversely impact the Debtor's estate. *See McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509 (3d Cir. 1997) ("As the case law demonstrates, courts have found 'unusual circumstances' where 'there is such

---

[5]     28 U.S.C. § 157(d) provides, in relevant part, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). While § 157(d) also provides for mandatory withdrawal where a proceeding requires "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," the Official Committee is not seeking mandatory withdrawal by this Motion.

identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986))).  This analysis does not require specialized bankruptcy knowledge.  Rather, it requires knowledge and familiarity with the underlying claims.  This is particularly true because the standard is a high one, and will require close scrutiny of the underlying claims at issue, as well as the circumstances under which the alleged identity of interest between the Alleged Protected Parties and the Debtor arose.  *See e.g.*, *Stanford v. Foamex L.P.*, Civil Action No. 07-4225, 2009 WL 1033607, *2 (E.D. Pa. Apr. 15, 2009) ("unusual circumstances" did not permit automatic stay to extend to non-debtor entities because "plaintiff in this action alleges that each of the non-bankrupt defendants is independently liable"); *see also Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991) ("[T]he automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor."). The Bankruptcy Court does not have that knowledge.  This Court already does. In that regard, this Court is in the best position to determine whether and to what extent the MDL, pending before this Court for the last five (5) years, as well as the thousands of other cases asserting similar claims, should be stayed.   Accordingly, withdrawing the reference would create significant efficiencies for the estate and its creditors, and would also serve judicial economy.  *See NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 913 (D. Del. 1996) (noting that a court considers "whether withdrawal would serve judicial economy").  Further, withdrawing the reference is consistent with this Court's view that coordination between the bankruptcy court and district court is "essential to ensuring efficient resolution of mass tort bankruptcies" like this one. *G-I Holdings*, 295 B.R. at 216.

Second, withdrawing the reference will promote uniformity in administration.  Withdrawal would ensure that all substantive analysis of the underlying claims would be before this Court, which possesses unique and significant knowledge of the relevant factual background.  Further, withdrawal of the Adversary Proceeding will not adversely impact administration of the balance of the Bankruptcy Case, which can proceed in due course before the Bankruptcy Court.  *See U.S. Mortg. Corp.*, 2012 WL 1372284, at *3.  While the Official Committee intends to seek dismissal of the Bankruptcy Case, if that relief is not granted, the underlying claims would otherwise need to be resolved in the District Court.  *See* 28 U.S.C. § 157(b)(5) (providing that personal injury tort and wrongful death claims in a bankruptcy case must be tried either in in the district court in which the bankruptcy case is pending or in the district court in the district in which the claim arose, as determined by the district court in which the case is pending).  Under these circumstances, uniformity would result from this Court taking direct control over any preliminary injunction determinations on what lawsuits should proceed and whether any party, including J&J and New JJCI should be accorded "protected status" as requested by the Debtor.

Third, withdrawal of the reference will expedite the bankruptcy process.  In contrast to the Bankruptcy Court, this Court is already well-versed with many of the facts implicated by many of the underlying claims.  Indeed, courts often look to which court has the most familiarity with the underlying facts and issues to determine where the matter would be most expediently heard.  *See, e.g.*, *SPIC v. Bernard L. Madoff Inv. Secs. LLC*, 486 B.R. 579, 584 (S.D.N.Y. 2013) (noting that the District Court was "intimately familiar with the nature of" the underlying claims subject to an action to enforce the automatic stay, and was "therefore in a best position to analyze the Trustee's Stay Application and efficiently render a decision that will not unnecessarily delay" the bankruptcy case or the action to be stayed).  Here, that familiarity is with this Court.  Because venue of the

13

Bankruptcy Case and the Adversary Proceeding were only recently transferred to the Bankruptcy Court, the Bankruptcy Court has not yet invested significant time or resources in connection with the Adversary Proceeding. *Cf., e.g.*, *Stanziale v. Bear Stearns, Inc. (In re Dwek)*, No. 07-11757 (KCF), Civil Action No. 09-4833 (FLW), 2010 WL 2545174, at *4 (D.N.J. June 18, 2010) (noting that, in this particular case, economy favored the bankruptcy court, which had presided over the bankruptcy case since its inception, and declining to withdraw the reference).

Fourth, withdrawing the reference to this Court does not implicate forum shopping concerns. Seeking to place a matter before a court that is "well-practiced" in the relevant claims to be considered is a valid basis to seek withdrawal of the reference. *See Int'l Benefits Grp.*, 2006 WL 2417297, at *4. Further, as noted, the efficiencies that would arise from having this Court handle discrete matters related to the underlying talcum powder-related claims was among the very reasons that this Case was transferred to this District. Withdrawing the reference is simply actualizing this goal.

B. **Other Considerations, On Balance, Weigh In Favor Of Withdrawal.**

Two other factors bear on the Court's analysis. First, the timing of this request favors withdrawal. The Bankruptcy Case and Adversary Proceeding are only weeks old, and were only very recently transferred to this District. The Bankruptcy Court has not had any substantive hearings or conferences in the Adversary Proceeding, or made any substantive rulings. There has been no significant motion practice or discovery. In short, the Bankruptcy Court has not invested material time or resources with the Adversary Proceeding (or the Bankruptcy Case). For these reasons, this request is timely. *Schlein v. Golub (In re Schlein)*, 188 B.R. 13, 14 (E.D. Pa. 1995) ("The purpose of the timeliness provision is to prevent unnecessary delay and stalling tactics."); *Troisio v. Poirier (In re U.S.A. Floral Products, Inc.)*, No. 01–1230 (MFW), ADV. 03–52514,

14

Civ.A. 05–00039–KAJ, 2005 WL 3657096, at *1 (D. Del. July 1, 2005) (timeliness is "measured by the stage of the proceedings in the Bankruptcy Court" (internal quotation marks omitted)).

Finally, an additional factor considered by courts is whether the proceeding to be withdrawn is a "core" or "non-core"[6] bankruptcy proceeding. *See, e.g.*, *G-I Holdings*, 295 B.R. at 216.[7]   The North Carolina Bankruptcy Court, in its PI Order, found this to be a "core" matter, although it cautioned that it did not intend to bind any future Court and expected future courts to take a fresh look at his rulings.   Regardless, the "core"/"non-core" designation is not dispositive and withdrawal of the reference is appropriate here. *See Karagjozi v. Bruck*, Civ. No. 17-6305, 2017 WL 4155104, at *3 (D.N.J. Sept. 20, 2017) (noting that core/non-core distinction is not dispositive); *Pittsburgh Corning Corp.*, 277 B.R. at 78 ("Notwithstanding the strong presumption against withdrawal of the reference of core bankruptcy proceedings, the presumption can be overcome 'based on a finding by the Court that the withdrawal of reference is essential to preserve a higher interest.'" (quoting *Pan Am Corp.*, 163 B.R. at 43)).

As noted, identifying whether and to what extent the Debtor seeks to enjoin direct claims against non-debtor entities will be critical to resolution of this Adversary Proceeding.   Regardless

---

[6]      A proceeding is "core" "if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.)*, 72 F.3d 1171, 1178 (3d Cir.1996).   A proceeding is "non-core" if it is "an action that does not depend upon the bankruptcy laws for its existence and which could proceed in a court that lacks federal bankruptcy jurisdiction." *Innovasystems, Inc. v. Proveris Scientific Corp.*, Civil Action No. 13–05077, 2013 WL 5539288, at *3 (D.N.J. Oct. 7, 2013) (quoting *United Orient Bank v. Green*, 200 B.R. 296, 298 (S.D.N.Y. 1996)).

[7]      Some courts within this Circuit consider this to be a threshold issue in determining whether permissive withdrawal is appropriate. *See, e.g.*, *Dwek*, 2010 WL 2545174, at *4.   Other courts have concluded that it is a determination that must be made by the bankruptcy before a motion to withdraw the reference is ripe for review. *See Katz v. Karagjozi (In re Kara Homes, Inc.)*, Bankruptcy No. 06-19626 (MBK), Adv. Proc. No. 08-2406 (MBK), Civil Action No. 09-1775 (MLC), 2009 WL 2223035, at *2 (D.N.J. July 22, 2009).   The Third Circuit has not weighed in on this two-step approach, and other decisions within the Circuit cast doubt on whether it is necessary. *See Innovasystems*, 2013 WL 5539288, at *4 ("Nothing in the statute, however, precludes the district court, from which the entirety of the Bankruptcy Court's docket originates, from making the determination itself if the matter was not first presented to the bankruptcy judge." (citations omitted)).   Of relevance here, this approach may also cause needless delay when expediency is critical for affected claimants.   Moreover, as noted above and explained further *supra*, the North Carolina Bankruptcy Court previously determined that this proceeding was Core. *See PI Order* ¶ D.

of whether a request to extend the stay under 11 U.S.C. § 362(a) or for an injunction under 11 U.S.C. § 105 are core proceedings in a general sense, the bankruptcy court is without jurisdiction to seek to stay or enjoin such direct claims between two non-debtor entities.  In *In re Combustion Engineering, Inc.*, 391 F.3d 190 (3d Cir. 2004), the Third Circuit held that a § 105(a) injunction could not be applied to "independent non-derivative claims against non-debtor third parties," because it "would improperly extend bankruptcy relief to non-debtors."  391 F.3d at 234.  Indeed, the Third Circuit has repeatedly held that "related to" bankruptcy jurisdiction is absent over direct claims against non-debtors that are not derivative of the debtor's liability. *See In re Federal–Mogul Global, Inc.*, 300 F.3d 368, 382 (3d Cir. 2002); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984), overruled on other grounds, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).  In other words, because direct claims against the Alleged Protected Parties may be outside the scope of the bankruptcy court's authority altogether, that a stay or injunction is otherwise a core proceeding does not present a reason to decline to withdraw the reference in this instance.

Moreover, the purpose of identifying whether a proceeding is core or non-core is, as with the *Pruitt* factors, a question of efficiency.  In a non-core proceeding, the bankruptcy court must, absent consent, "submit proposed findings of fact and conclusions of law to the district court for de novo review and the entry of final judgment."  *Drs. Assocs., Inc. v. Desai*, No. Civ. Action No. 10-575, 2010 WL 3326726, at *3 (D.N.J. Aug. 23, 2010).  Accordingly, having made a determination that a proceeding is non-core, courts often recognize the inherent inefficiency of sending the proceeding to the bankruptcy court only to face the possibility of later review, and elect to withdraw the reference.  *See, e.g.*, *Ramex Int'l*, 91 B.R. at 316 (noting that de novo review may require a second jury trial, which would be "cumbersome" and "time consuming").  Alternatively, if a proceeding is core, it may be returned to the bankruptcy court that would be

more familiar with the facts and issues. *See, e.g.*, *In re LightSquared Inc.*, No. 14 Civ. 8550(RMB), 2014 WL 6386734, at *2 (S.D.N.Y. Nov. 10, 2014) (citing *In re Recoton Corp.*, No. 04 Civ. 2466(DLC), 2004 WL 1497570, at *4 (S.D.N.Y. July 1, 2004)).

Here, however, as explained above, this Court is uniquely familiar with the facts and legal issues relevant to resolution of this Adversary Proceeding. In contrast, the Bankruptcy Court is new to the proceeding. The efficiency that would result from this Court hearing the Adversary Proceeding, and the benefits to claimants and the estate flowing from that efficiency, cuts in favor of withdrawing the reference.

## **CONCLUSION**

For the foregoing reasons, the Official Committee respectfully requests that this Court grant the Motion and enter an order, substantially in the form annexed hereto, withdrawing the reference to the Bankruptcy Court of the above-captioned Adversary Proceeding, and granting such other and further relief as the Court deems just and proper.

Dated: November 24, 2021

Respectfully submitted,

*/s/ Daniel M. Stolz*
Angelo J. Genova, Esq.
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Matthew I.W. Baker, Esq.
**GENOVA BURNS LLC**
110 Allen Road
Suite 304
Basking Ridge, NJ 07920
Tel: 973-467-2700
Fax: 973-467-8126
Email: agenova@genovaburns.com
       dstolz@genovaburns.com
       dclarke@genovaburns.com
       mbaker@genovaburns.com

David J. Molton
Robert J. Stark
Jeffrey L. Jonas
Michael Winograd
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Tel: 212-209-4800
Fax: 212-209-4801
Email: dmolton@brownrudnick.com
　　　rstark@brownrudnick.com
　　　jjonas@brownrudnick.com
　　　mwinograd@brownrudnick.com
-and-
Sunni Beville
One Financial Center
Boston, MA 02111
Tel: 617-856-8200
Fax: 617-856-8201
Email: sbeville@brownrudnick.com


Brian A. Glasser
Thomas B. Bennett
**BAILEY GLASSER LLP**
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC  20007
Tel: 202-463-2101
Fax: 202-463-2103
Email: bglasser@baileyglasser.com
　　　tbennett@baileyglasser.com

Jonathan S. Massey
**MASSEY & GAIL LLP**
1000 Maine Avenue SW
Suite 450
Washington, DC 20024
Tel: 202-652-4511
Fax: 312-379-0467
Email: jmassey@masseygail.com


Melanie L. Cyganowski
Adam C. Silverstein
Jennifer S. Feeney
**OTTERBOURG P.C.**
230 Park Avenue
New York, NY 10169
Tel: 212-905-3628
Fax: 212-682-6104
Email: mcyganowski@otterbourg.com
　　　asilverstein@otterbourg.com


Lenard M. Parkins
Charles M. Rubio
**PARKINS LEE & RUBIO LLP**
Pennzoil Place
700 Milam Street
Suite 1300
Houston, Texas 77002
Phone: 713-715-1666
Email: lparkins@parkinslee.com
crubio@parkinslee.com


*Proposed Co-Counsel for the Official Committee of Talc Claimants*

| | |
|---|---|
| **From:** | Leigh O"Dell |
| **To:** | Sharko, Susan M; Wayne Fang |
| **Cc:** | MParfitt; "Locke, Thomas T (TLocke@seyfarth.com)"; Beisner, John H; Brennan, Jessica L.; pec@talc-mdl.com |
| **Subject:** | RE: [EXT] FW: Talc MDL - filed notice |
| **Date:** | Friday, October 15, 2021 10:35:03 AM |

Wayne, please see below the PSC's reply. Thank you.

Dear Chief Judge Wolfson,

The Plaintiffs' Steering Committee opposes any stay of proceedings against Johnson & Johnson Inc. or Johnson & Johnson Consumer Inc.  Neither company has filed bankruptcy.  The law does not provide for an automatic stay of cases against non-debtors.  The Plaintiffs' Steering Committee will be filing an opposition to a stay and requests the opportunity to be heard on this issue.

Thank you for your consideration.

Respectfully submitted,
Leigh O'Dell
Michelle Parfitt

**P. Leigh O'Dell**

Principal
334.269.2343

**From:** Sharko, Susan M <susan.sharko@faegredrinker.com>
**Sent:** Friday, October 15, 2021 8:54 AM
**To:** Wayne Fang <Wayne_Fang@njd.uscourts.gov>
**Cc:** MParfitt <MParfitt@ashcraftlaw.com>; Leigh O'Dell <Leigh.ODell@BeasleyAllen.com>; 'Locke, Thomas T (TLocke@seyfarth.com)' <TLocke@seyfarth.com>; Beisner, John H <John.Beisner@skadden.com>; Brennan, Jessica L. <jessica.brennan@faegredrinker.com>
**Subject:** [EXT] FW: Talc MDL - filed notice

**[EXTERNAL]**

Wayne, here is a note for Chief Judge Wolfson.   Thank you.  Sincerely, Susan

Dear Chief Judge Wolfson:   attached is the notice of bankruptcy filing and stay filed this morning.   We very much appreciate the time and attention you have devoted to managing this MDL, especially through the last challenging two years.  And thanks also to   Wayne and Jackie for all their efforts and responsiveness; they made the pandemic period seamless for us.   Respectfully, Susan

**From:** Sharko, Susan M [mailto:susan.sharko@faegredrinker.com]
**Sent:** Monday, October 25, 2021 10:49 AM
**To:** Jerome Block <JBlock@levylaw.com>; Schneider, Joel <JSchneider@mmwr.com>
**Cc:** Bernardo, Richard T <Richard.Bernardo@skadden.com>; Daniel R. Lapinski
<dlapinski@motleyrice.com>; Michelle Parfitt <mparfitt@ashcraftlaw.com>; Leigh O'Dell
<Leigh.ODell@BeasleyAllen.com>; Goodman, Rachel <RGoodman@mmwr.com>; Chris Placitella
<cplacitella@cprlaw.com>; Chris Tisi <ctisi@levinlaw.com>; Miller, Jessica D
<Jessica.Miller@skadden.com>
**Subject:** RE: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS -
PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)

> **CAUTION:** This email
> message is
> **EXTERNAL.**

Dear Judge Schneider:

## Objection/Reservation of Rights

On October 12, 2021, Johnson & Johnson Consumer Inc. ("Old JJCI") completed an internal corporate restructuring. As a result of that restructuring, Old JJCI ceased to exist and two new companies were created. The first new company is named LTL Management LLC ("LTL"). The second new company, like the former company, is named Johnson & Johnson Consumer Inc. ("New JJCI"). LTL is the entity responsible for all talc-related claims asserted against Old JJCI, Johnson & Johnson ("J&J"), or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws). LTL is the entity responsible for talc-related claims asserted in this case.

On October 14, 2021, LTL filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina ("Bankruptcy Court"). Upon that filing, the automatic stay under section 362 of the Bankruptcy Code became effective immediately. A Notice of Suggestion of Bankruptcy (the "Notice") was filed in this case on October 15. That Notice informed the parties and this court of LTL's chapter 11 filing and LTL's position regarding the scope of the automatic stay—that it applies to all talc-related claims against Old JJCI, New JJCI, J&J, and their other corporate affiliates, among other parties that share an identity of interest with LTL concerning talc-related claims and/or against whom fixing talc-related liabilities would be tantamount to fixing those liabilities against LTL.

In response to litigation conduct at odds with the scope of the stay, (i) on October 18, 2021, LTL filed in the Bankruptcy Court an Emergency Motion to Enforce the Automatic Stay ("Stay Motion"); and (ii) on October 21, 2021, LTL filed in the Bankruptcy Court an adversary complaint and motion for an order declaring that the automatic stay applies to certain actions against non-debtors or preliminarily enjoining such actions against non-debtors and granting a temporary restraining order pending a final hearing (the "Adversary Proceeding"). In the Adversary Proceeding, LTL seeks a declaration that the stay applies not only to LTL and Old

JJCI, but to New JJCI, J&J, other of their corporate affiliates, identified retailers, insurance companies, and certain others (collectively, the "Protected Parties").

On October 22, 2021, the Bankruptcy Court issued an oral ruling confirming that all talc-related claims asserted against Old JJCI and LTL are stayed pursuant to the automatic stay under section 362 of the Bankruptcy Code. The Bankruptcy Court did not enter a temporary restraining order against claims asserted against the other Protected Parties but set a hearing on LTL's request for a preliminary injunction for November 4 and 5, 2021. The Bankruptcy Court will then consider further, whether by virtue of the application of the automatic stay or otherwise, talc-related claims against New JJCI, J&J and the other Protected Parties are automatically stayed pursuant to section 362(a) of the Bankruptcy Code or should be enjoined pursuant to section 105(a) of the Bankruptcy Code.

J&J and any other implicated J&J non-debtor affiliates maintains that the automatic stay applies to them and any other Protected Parties in this case. J&J objects to any further proceedings against it and any other Protected Parties. J&J reserves all rights under applicable law with respect to any violations of the automatic stay. In the event that the Bankruptcy Court determines on November 5, 2021, or thereafter, that talc-related claims against J&J or any of the other Protected Parties are automatically stayed, any actions taken in the interim in violation of the stay will be null and void as a matter of law.

**Further Response**

 Subject to the above, we are briefing this issue of what will happen in the MDL before Chief Judge Wolfson, with our brief due tomorrow. We are simultaneously trying to work out a temporary path forward with Leigh and Michelle and are planning a meet and confer in the next couple days. We would like until Wednesday at 5 to respond to Your Honor.

 And yes, we expect a ruling from the bankruptcy judge on November 5. We don't agree with Mr. Block's statements.  In particular, Judge Whitley did not say that J&J was not entitled to a stay—that is what he is taking up on 11/4 and 11/5. He just could not make the determination last week that it was entitled to a TRO. That is different. Our position continues to be that the stay is automatic as to J&J and we believe that the court will agree with us after the hearings conclude just over a week from now. That is not a lot of time to wait and plaintiffs cannot show prejudice.

Thank you for your consideration of these matters. Respectfully, Susan

**From:** Jerome Block <JBlock@levylaw.com>
**Sent:** Monday, October 25, 2021 9:31 AM
**To:** Schneider, Joel <JSchneider@mmwr.com>
**Cc:** Bernardo, Richard T <Richard.Bernardo@skadden.com>; Sharko, Susan M <susan.sharko@faegredrinker.com>; Daniel R. Lapinski <dlapinski@motleyrice.com>; Michelle Parfitt

2

<mparfitt@ashcraftlaw.com>; Leigh O'Dell <Leigh.ODell@BeasleyAllen.com>; Goodman, Rachel <RGoodman@mmwr.com>; Chris Placitella <cplacitella@cprlaw.com>; Chris Tisi <ctisi@levinlaw.com>; Miller, Jessica D <Jessica.Miller@skadden.com>
**Subject:** Re: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS - PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)


**This Message originated outside your organization.**

---

Judge Schneider:  I think it's likely that the Judge will rule from the bench on November 5th, but that is just my best guess based on the fact that Judge Whitley ruled from the bench at the conclusion of the TRO hearing.  I think the key issue here is that J&J's request to stay litigation against it between now and the time of the preliminary injunction hearing was denied.  J&J made the argument that it is only a short time between now and November 4/5 and therefore they should get the TRO.  Judge Whitley disagreed and therefore the issue is clear and straightforward: J&J's litigation obligations are not stayed and never were stayed.  To the extent that J&J stopped litigating and gave itself a stay (based on its assumption that it would obtain a TRO as to J&J), it was mistaken. My clients living with mesothelioma and their families should not be further delayed.  Thank you for your consideration of this matter. -Jerry Block, Levy Konigsberg LLP

Get Outlook for iOS

---

**From:** Schneider, Joel <JSchneider@mmwr.com>
**Sent:** Monday, October 25, 2021 9:24:48 AM
**To:** Jerome Block <JBlock@levylaw.com>
**Cc:** Bernardo, Richard T <Richard.Bernardo@skadden.com>; Sharko, Susan M <susan.sharko@faegredrinker.com>; Daniel R. Lapinski <dlapinski@motleyrice.com>; Michelle Parfitt <mparfitt@ashcraftlaw.com>; Leigh O'Dell <Leigh.ODell@BeasleyAllen.com>; Goodman, Rachel <RGoodman@mmwr.com>; Chris Placitella <cplacitella@cprlaw.com>; Chris Tisi <ctisi@levinlaw.com>; Miller, Jessica D <Jessica.Miller@skadden.com>
**Subject:** Re: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS - PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)

Counsel, I read the article in Law 360 this morning and expected to hear from counsel today.  I would like to get J&J's thoughts on this scheduling issue before deciding how to move forward. I expect courts all over the country are grappling about what to do. Can I hear from J&J by noon tomorrow.  Do the parties know if the bankruptcy judge will decide the stay issue on November 4 or 5? Thank you.

Judge Joel Schneider (Ret.)
Montgomery McCracken Walker & Rhoads LLP
Liberty View
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002

609-519-0632 (cell)
856-488-7797 (office)
856-488-7720 (fax)
https://www.mmwr.com/attorney/joel-schneider/

On Oct 25, 2021, at 9:09 AM, Jerome Block <JBlock@levylaw.com> wrote:

**\*\*CAUTION\*\*** External Email

Judge Schneider:

I write to follow-up on your "Special Master Order No 9" ("Order"), filed on August 25, 2021 which is also applicable to the New Jersey Asbestos Litigation. Your Order originally required Defendant Johnson & Johnson ("J&J") to complete its various obligations by October 4 and 11, 2021. *See* Order. Subsequently, counsel for J&J (without mentioning any potential bankruptcy filing) sought and received various extensions with last such extension requiring J&J to meet certain deadlines by October 15 and 22nd. *See* Emails below.  To my knowledge, J&J has not complied with the October 15th and October 22nd deadlines set forth below, nor have they fully complied with your Order.  Instead, as you know, a separate entity LTL Management LLC ("LTL") filed a bankruptcy petition in the Western District of North Carolina on October 14, 2021.  As a result of this bankruptcy filing, an automatic stay went into effect immediately against the debtor LTL.  I participated in hearings this week before Judge Whitley in the LTL bankruptcy proceeding in the W.D.N.C. where LTL sought a TRO to stay litigation against non-debtors including JJCI and J&J.  On Friday, in the W.D.N.C., I cross-examined John Kim who is now Chief Legal Officer of LTL as part of the claimants'/creditors' opposition to the TRO.  After cross-examination of Mr. Kim and arguments by counsel for claimants and LTL, Judge Whitley ruled on Friday afternoon from the bench that the TRO only covers LTL and "Old JJCI" (the company previously sued as JJCI in the current litigation cases).  In other words, there is not a current stay against J&J nor was there ever a stay against J&J.  I note that there is a preliminary injunction hearing on November 4 and 5 and I anticipate that LTL will once again seek to enjoin litigation against J&J.  But it is undisputed that during the time in which J&J had the discovery obligations ordered by Your Honor (and as modified by the extensions below) there was not a stay against J&J and there still is not a stay against J&J.  Accordingly, we request that J&J comply with their discovery obligations that were due on October 15 and 22nd as set forth in your Order and as set forth below.  To the extent J&J argues that Your Honor should stay litigation against J&J (or "wait and see") until November 4 and 5, that would be tantamount to granting J&J the very relief that LTL unsuccessfully sought when its request for a TRO directed toward  non-debtor J&J was denied on Friday.  The official transcript from the W.D.N.C. has not yet been provided to counsel.  But here is are two articles about the hearing (https://www.law360.com/health/articles/1434006/j-j-talc-suits-can-proceed-for-now-despite-ch-11-filing and  https://www.bloomberg.com/news/articles/2021-10-22/j-j-loses-a-round-in-bankruptcy-spat-over-baby-powder-suits).  I believe that counsel for J&J will concede that Judge Whitley ruled that the TRO does not cover J&J.  If J&J counsel will not agree to fulfill its discovery obligations applicable to your Order by the close of business tomorrow, then we hereby request that Your Honor order J&J to do so.   Please note that Judge Whitley did order a TRO applicable to non-debtor JJCI.  Therefore, this email and this request for judicial intervention is solely directed toward Defendant J&J who is a party defendant in our New Jersey Asbestos Litigation cases.

Jerome H. Block
Levy Konigsberg LLP
605 Third Avenue, 33rd Floor
New York, NY 10158
www.levylaw.com


**From:** "Schneider, Joel" <JSchneider@mmwr.com>
**Date:** Friday, October 8, 2021 at 8:19 PM
**To:** "Miller, Jessica D" <Jessica.Miller@skadden.com>
**Cc:** Richard Bernardo <Richard.Bernardo@skadden.com>, Jerome Block <JBlock@levylaw.com>,
"Sharko, Susan M" <susan.sharko@faegredrinker.com>, Daniel Lapinski
<dlapinski@motleyrice.com>, Michelle Parfitt <mparfitt@ashcraftlaw.com>, Leigh O'Dell
<Leigh.ODell@BeasleyAllen.com>, "Goodman, Rachel" <RGoodman@mmwr.com>, Chris
Placitella <cplacitella@cprlaw.com>, Chris Tisi <ctisi@levinlaw.com>
**Subject:** Re: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS -
PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)

For good cause shown requested extension GRANTED.


Judge Joel Schneider (Ret.)
Montgomery McCracken Walker & Rhoads LLP
Liberty View
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
609-519-0632 (cell)
856-488-7797 (office)
856-488-7720 (fax)
https://www.mmwr.com/attorney/joel-schneider/


On Oct 8, 2021, at 7:46 PM, Miller, Jessica D <Jessica.Miller@skadden.com> wrote:

**CAUTION** External Email

Dear Special Master Schneider,

Please forgive the long email on a Friday evening.

We are working diligently on these projects but unfortunately, the dates suggested by Mr. Block will not
exactly work.

First, the good news.  We are done reviewing Tranche 2 of the withheld documents that are being
challenged.  The binders are being assembled next week, and we can send them to you by Friday
October 15.  This is earlier than our current deadline.

Second, as to redactions, my understanding from Your Honor's order was that we were doing them in two tranches.  Apparently, that is not what happened, and plaintiffs sent us all 1,779 challenges at once.  The process for checking and changing redactions is extremely time-consuming because each redaction that is changed must be redrawn.  It is even more time-consuming to prepare the binders for Your Honor because each document has to be manually redacted by a legal assistant (or it is unreadable) and we are still figuring out the best way to do that.

In an effort to diminish your workload, I am unredacting emails that say things of no real consequence even though we believe in good faith that the redacted language is privileged, with the assumption that you will agree nothing is waived by providing these to plaintiffs and with the goal of sparing you 75 binders.  If that is correct, we will be able to substantially narrow what you have to look at and produce to plaintiffs a substantial number of these documents with fewer or no redactions.

I am also finding that the same redactions are sometimes challenged 10 or even 20 times.  If the same redactions appear in multiple documents, we are trying to de-dupe the challenge so that you only look once.

Bottom line:  we can be finished with the first half of the redactions by October 22 but need more time for the second half.  I would propose November 5 because I will unfortunately be out again for follow-up surgery at the end of the month.

Thank you for your consideration, and have a nice weekend.


Jessica D. Miller
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7850 | M: 202.203.9145
jessica.miller@skadden.com

Skadden


_____
From: Bernardo, Richard T (NYC)
Sent: Thursday, October 7, 2021 7:31 PM
To: Jerome Block
Cc: Schneider, Joel; Sharko, Susan M; Daniel R. Lapinski; Michelle Parfitt; Leigh O'Dell; Goodman, Rachel; Chris Placitella; Chris Tisi; Miller, Jessica D (WAS)
Subject: Re: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS - PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)

Copying Jessica Miller for her input on the schedule.

Richard T. Bernardo
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West | New York | New York | 10001
T: 212.735.3453 | F: 917.777.3453

M: 917-626-4686
richard.bernardo@skadden.com<mailto:richard.bernardo@skadden.com>

On Oct 7, 2021, at 2:22 PM, Jerome Block <JBlock@levylaw.com> wrote:


Judge Schneider:  I write on behalf of my clients in the New Jersey Asbestos Litigation, but my understanding is that these same issues are applicable in the Federal M.D.L.  In light of the 21 day extension you granted to J&J I am writing to set forth my understanding of certain upcoming events regarding the J&J's privilege issues.

October 18th (21 day from the original deadline of Sept. 27th):  J&J must submit for in camera review any redacted documents challenged by Plaintiffs.  J&J must also identify any redacted documents in which J&J is agreeing to produce the document in un-redacted form.

October 25th (21 days from the original deadline of October 4th):  J&J must produce any remaining documents corresponding to privilege log challenges for in camera review.  J&J must identify any additional documents that J&J will agree to produce, including the documents listed below as requiring "additional evidence", as well as additional documents in the "second half" of the privilege log-disputed documents J&J is now reviewing.

For all documents that J&J agrees to produce, pursuant to the October 18th and October 25th deadlines above, Plaintiffs request that J&J produce these documents to Plaintiffs by no later than Thursday, October 28th.

Thank you for your continuing work in resolving these privilege disputes.

Sincerely, Jerry

Jerome H. Block
Levy Konigsberg LLP
605 Third Avenue, 33rd Floor
New York, NY 10158
https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fwww.levylaw.com&c=E,1,igtgtCrCVoZNZYbE4k-9J9Rm03Q4SjV47In2-TdHJcCK9y27v1ZRWGVh3Ows5lXUctqM-U4CXtWpqI_N5Z-kZ_iOSA04BQ-c39Uraay7gh2cqWpYwQ,,&typo=1<https://linkprotect.cudasvc.com/url?a=http%3a%2f%2fwww.levylaw.com&c=E,1,FS73MYUzGm55T5gmYrrZyiIDKr_CF4LzMSKVI8-Kj3ZY6oNL-bF0AqMq2OaaaJHuKw2doG6ZYSDMsIv6HWZ4KFshzE0KaCG4LRwKLA-fFS0,&typo=1>


From: "Schneider, Joel" <JSchneider@mmwr.com>
Date: Tuesday, October 5, 2021 at 8:34 AM
To: Richard Bernardo <Richard.Bernardo@skadden.com>, "Sharko, Susan M" <susan.sharko@faegredrinker.com>, Daniel Lapinski <dlapinski@motleyrice.com>, Michelle Parfitt <mparfitt@ashcraftlaw.com>, Leigh O'Dell <Leigh.ODell@BeasleyAllen.com>, Jerome Block <JBlock@levylaw.com>, "Goodman, Rachel" <RGoodman@mmwr.com>

Subject: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS - PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)

Counsel: The in camera review of the first eight (8) binders of J&J's alleged privileged and redacted documents J&J forwarded has been completed.  The review went a bit quicker than I expected since I am becoming more familiar with the names of the relevant J&J personnel and the subject matter of the documents. These 8 binders consisted of 889 Tabs. As we discussed previously and as is memorialized in a previous Order, the first determination was to decide which documents are so clearly privileged that no additional information is needed to support J&J's privilege claim. The same legal principles summarized in the SM's earlier Opinion was applied to these documents.  Also, these documents were just reviewed for privilege.  No determination was made as to relevance and proportionality as the SM was not tasked to make that determination.

As to those instances where a clear determination could not be made as to whether a document was privileged, that document/Tab is identified below and J&J will be given an opportunity to support its privilege claim with appropriate evidence. Of course, plaintiffs will also be given an opportunity to respond and object if they so choose.

This email identifies the Tabs where a determination could not be made that the document at issue was so clearly privileged that additional supportive evidence was not needed. If a document/Tab is not listed a determination was made that the document is privileged. I emphasize that NO decision has been made as to whether the listed documents are privileged. The only decision that has been made is that if J&J wants to stand on its privilege objection supporting evidence is needed to corroborate the claim. It may be that J&J does not intend to stand on its objection but that is not known at the moment. I suggest that we wait until all documents have been reviewed to hear from J&J about what it intends to do.

Additional evidence is needed to support the following privilege claims:

1. Binder 1

1. Tab 14 (Bates 4025) – Only the 12/13/74 memo attached to the 12/19/74 memo. This appears to be a routine business communication.
2. Tab 21 (Bates 6891976) – More explanation is needed to understand this document.
3. Tab 44 (Bates 204) – Patent document. See prior ruling.
4. Tab 56 (Bates 224218) – Only the 8/3/92 memo. Has this been previously produced?

1. Binder 2

1. Tab 175 (Bates 2945) – This appears to be a routine business communication.
2. Tab 179 (Bates 2482) – Only the 7/19/12 email. This appears to be a routine business communication.
3. Tab 181 (Bates 3500) – This appears to be a routine business communication.

1. Binder 3 (none)

1. Binder 4

1. Tab 367 (Bates 5059) – Was this document already produced?
2. Tab 382 (Bates 6371) - This document appears to be a routine business communication.
3. Tab 4229 (Bates 4229) – This document appears to be a routine business communication.

1. Binder 5

1. Tab 517 (Bates 7389) – This document appears to be a routine business communication. (None of the referenced articles are attached).

1. Binder 6

(1) Tab 581 (Bates 6251) (just the 12/19/13, 7:59 am email) – This email appears to be a routine business communication.

1. Binder 7

1. Tab 685 (Bates 11248) – This document appears to be a routine business communication.

1. Binder 8

(1)   Tab 846 (Bates 11284) - This document appears to be a routine business communication.

The SM is grateful to J&J for the manner in which it organized and produced the in camera documents. The organization enabled the SM to efficiently review the produced binders.

Please forward this email to the right persons. I am not sure I have the complete service list on this email. Jerry Block is copied on this email as this review was done for the MDL and state cases.

9

Judge Joel Schneider (Ret.) | Of Counsel
Montgomery McCracken Walker & Rhoads LLP
LibertyView | 457 Haddonfield Road, Suite 600 | Cherry Hill, NJ 08002
Tel: 856-488-7797  | Fax: 856-488-7720 | JSchneider@mmwr.com | Attorney
Profile<https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fprotect-
us.mimecast.com%2fs%2fEUpjCQW7oQFkBAXGsxs4nz&c=E,1,SsBMYV4z6cUaEAJkCIaXFb3CQ3KC7bdeIt2
vAuADfEKSYZZdpFDnO5IY2YD4viuGAJXYHNCuj_NYClWCOgLn7jjqJ1JtYXVulCiA_OggVQEZSmyiShM,&typo
=1>

_____

Notice: This email message may contain legally privileged and/or confidential information. If you are not
the intended recipient(s), or the employee or agent responsible for delivery of this message to the
intended recipient(s), you are hereby notified that any dissemination, distribution and/or copying of this
message is strictly prohibited. If you have received this message in error, please immediately notify the
sender and please immediately delete this message from your computer as well as any storage
device(s). Thank you.


Judge Joel Schneider (Ret.)
Montgomery McCracken Walker & Rhoads LLP
Liberty View
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
609-519-0632<tel:609-519-0632> (cell)
856-488-7797<tel:856-488-7797> (office)
856-488-7720<tel:856-488-7720> (fax)
https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fwww.mmwr.com%2fattorney%2fjoel-
schneider%2f&c=E,1,N8Nq3RK3FZ3BlaDQXpf0u3AXfGq_hu_dNNvmj0338DeMUlGXQUeXgyshbs3H9jcqzx
mSgvNBQpLNvamjNttcMpODaJyBtL3M6B_7JLYeaKK5563SY4w,&typo=1<https://linkprotect.cudasvc.co
m/url?a=https%3a%2f%2fprotect-us.mimecast.com%2fs%2f8EXXCR61pRFvnmG9TNVt6U&c=E,1,V7qM-
dx37ug8EEFrB_bgoVGeWNiSd5t071ZH2wwaSdTk6E_nYTWSlDtJaUj9YvCKTl_9kXSZIMfdZBI5cEZepEiT0yk
ELreN9r5OgerJVjqUIIKkcKqpwgSuUGw,&typo=1>
CONFIDENTIALITY STATEMENT This e-mail transmission and any accompanying attachment contains
information that is confidential, privileged and exempt from disclosure under applicable law. This e-mail
is intended only for the use of the individual or entity to which it is addressed. If you receive this e-mail
in error or you are not the intended recipient, do not read, copy or disseminate in any manner. If you
are not the intended recipient, you may not disseminate, distribute or copy this communication and any
disclosure, copying, distribution, use or taking any action in reliance on the contents of this information
is strictly prohibited. If you received this communication in error, please reply to the message
immediately by informing the sender that the message was misdirected and after advising the sender
you must erase the message from your computer system and destroy any hard copies that may have
been made. Thank you for your assistance in correcting this error.

10

-----------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===========================================================================
CONFIDENTIALITY STATEMENT This e-mail transmission and any accompanying attachment contains information that is confidential, privileged and exempt from disclosure under applicable law. This e-mail is intended only for the use of the individual or entity to which it is addressed. If you receive this e-mail in error or you are not the intended recipient, do not read, copy or disseminate in any manner. If you are not the intended recipient, you may not disseminate, distribute or copy this communication and any disclosure, copying, distribution, use or taking any action in reliance on the contents of this information is strictly prohibited. If you received this communication in error, please reply to the message immediately by informing the sender that the message was misdirected and after advising the sender you must erase the message from your computer system and destroy any hard copies that may have been made. Thank you for your assistance in correcting this error.
<2021-08-25 Special Master Order on Privilege Schedule.pdf>
CONFIDENTIALITY STATEMENT This e-mail transmission and any accompanying attachment contains information that is confidential, privileged and exempt from disclosure under applicable law. This e-mail is intended only for the use of the individual or entity to which it is addressed. If you receive this e-mail in error or you are not the intended recipient, do not read, copy or disseminate in any manner. If you are not the intended recipient, you may not disseminate, distribute or copy this communication and any disclosure, copying, distribution, use or taking any action in reliance on the contents of this information is strictly prohibited. If you received this communication in error, please reply to the message immediately by informing the sender that the message was misdirected and after advising the sender you must erase the message from your computer system and destroy any hard copies that may have been made. Thank you for your assistance in correcting this error.

NO. 21-348

## IN THE SUPREME COURT OF THE UNITED STATES

———————————

JOHNSON & JOHNSON AND JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,

*Petitioners,*

*v.*

LYNN FITCH, Attorney General of the State of Mississippi, ex rel. THE STATE OF MISSISSIPPI,

*Respondent.*

———————————

## NOTICE OF BANKRUPTCY FILING AND STAY OF PROCEEDINGS

**PLEASE TAKE NOTICE THAT**, on October 14, 2021 (the "Petition Date"), LTL Management LLC, a North Carolina limited liability company ("LTL"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court").  A copy of the voluntary petition (excluding the attachments thereto) is attached hereto as Exhibit A.  LTL's case is captioned In re LTL Management LLC, Case No. 21-30589 (JCW).

**PLEASE TAKE FURTHER NOTICE THAT**, upon the filing of LTL's chapter 11 case, the automatic stay imposed by section 362 of the Bankruptcy Code (the "Automatic Stay") became immediately effective and, as a result, all claims asserted against LTL in the above-captioned action (this "Proceeding") are stayed absent an order of the Bankruptcy Court lifting or modifying the Automatic Stay.

**PLEASE TAKE FURTHER NOTICE THAT**:  (i) Defendant Johnson & Johnson Consumer Inc. ("Old JJCI"), following a corporate restructuring that was

1

completed on October 14, 2021, ceased to exist; (ii) as a result of the restructuring, LTL is now responsible for the talc-related claims asserted against Old JJCI in this Proceeding; and (iii) a new entity named Johnson & Johnson Consumer Inc. ("New JJCI") was created as part of the same restructuring.

PLEASE TAKE FURTHER NOTICE THAT:  (i) one or more of the entities set forth on the list attached hereto as Exhibit B and/or Johnson & Johnson are Defendants in this Proceeding (collectively with Old JJCI and New JJCI, the "LTL Defendants"); and (ii) as a result of the Automatic Stay, no further action may be taken to prosecute the talc-related claims against any LTL Defendant absent an order of the Bankruptcy Court lifting or modifying the Automatic Stay because (a) all LTL Defendants share such an identity of interest with LTL that LTL is, in effect, the real-party defendant in any claims asserted against them in this Proceeding and/or (b) prosecution of the talc-related claims against any LTL Defendant would allow plaintiffs to fix claims against LTL— particularly through indemnity or alleged indemnity obligations, but also through collateral estoppel, res judicata and evidentiary prejudice.

PLEASE TAKE FURTHER NOTICE THAT information regarding the status of LTL's chapter 11 case may be obtained by (a) reviewing the docket of the LTL chapter 11 case at http://www.ncwb.uscourts.gov/ (PACER login and password required) or free of charge at https://dm.epiq11.com/LTL; or (b) contacting any of the following counsel for LTL:

Gregory M. Gordon
Dan B. Prieto
Amanda Rush
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100
E-mail: gmgordon@jonesday.com
       dbprieto@jonesday.com
       asrush@ jonesday.com

Brad B. Erens
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
E-mail: bberens@jonesday.com

Dated: October 18, 2021           Respectfully submitted:


*/s/ E. Joshua Rosenkranz*
E. Joshua Rosenkranz
Counsel of Record
ORRICK, HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000
jrosenkranz@orrick.com

3

**EXHIBIT A**

Fill in this information to identify the case:

United States Bankruptcy Court for the:

__Western__ District of __North Carolina__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case
number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**        LTL Management LLC

2. **All other names debtor used**   f/k/a Chenango One LLC
   **in the last 8 years**
   Include any assumed names,
   trade names, and *doing business
   as* names

3. **Debtor's federal Employer**   8 7 - 3 0 5 6 6 2 2
   **Identification Number (EIN)**

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 501   George Street | |
   | Number   Street | Number   Street |
   | | P.O. Box |
   | New Brunswick   NJ   08933 | |
   | City   State   ZIP Code | City   State   ZIP Code |
   | | Location of principal assets, if different from principal place of business |
   | Middlesex County | |
   | County | Number   Street |
   | | North Carolina |
   | | City   State   ZIP Code |

5. **Debtor's website (URL)**   https://dm.epiq11.com/LTL

| Debtor | LTL Management LLC | | Case number (*if known*)_____ |
|---|---|---|---|
| | Name | | |

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

| 6 | 7 | 1 | 9 |

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply:*

  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ☐ A plan is being filed with this petition.

  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- ☐ Chapter 12

Debtor    __LTL Management LLC_____    Case number (if known)_____
          Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                         MM / DD / YYYY

         District _____   When _____   Case number _____
                                         MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes.   Debtor _____   Relationship _____

         District _____   When _____
                                                                  MM  /  DD  / YYYY

         Case number, if known _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____

_____   _____
City                                       State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

       Contact name _____

       Phone _____

---

**Statistical and administrative information**

Debtor    LTL Management LLC _____    Case number (if known)_____
          Name

---

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☑ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/14/2021
             MM / DD / YYYY

✗ _____    John K. Kim _____
   Signature of authorized representative of debtor    Printed name

Title Chief Legal Officer _____

---

| Debtor | LTL Management LLC | Case number (if known) | |
|--------|-------------------|------------------------|--|
| | Name | | |

**18. Signature of attorney**

✖ /s/ Gregory M. Gordon
_____
Signature of attorney for debtor

Date    10/14/2021
MM  / DD / YYYY

Gregory M. Gordon
Printed name

Jones Day
Firm name

2727    North Harwood Street
Number    Street

Dallas                                    TX        75201
City                                      State     ZIP Code

(214) 220-3939                            gmgordon@jonesday.com
Contact phone                             Email address

08435300                                  TX
Bar number                                State

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page **5**

## EXHIBIT B

7-Eleven
Acme Markets, Inc.
Ahold Delhaize USA, Inc.
Albertsons Companies, Inc.
Alpha Beta Company
Associated Wholesale Grocers, Inc.
Associated Wholesaler Grocers, Inc.
Bartell Drug Company
Bashas', Inc.
Bausch Health Americas, Inc.
Bausch Health Companies Inc.
Bausch Health US, LLC
BCW LLC
Beautyland
Best Market of Astoria, Inc.
BI-LO, LLC
Bi-Mart Corporation
C&S Wholesale Grocers
C&S Wholesale Grocers, Inc.
Classic Pharmacy, Inc.
Cosentino Enterprises, Inc.
Cosentino Group, Inc.
Cosentino Price Chopper
Cosentino's Food Stores
Costco Wholesale Corporation
CVS Health Corporation
CVS Pharmacy, Inc.
Demoulas Super Markets, Inc.
Dierbergs Markets, Inc.
Discount Drug Mart, Inc.
Dollar Tree Stores, Inc.
DRI I, Inc.
Duane Reade, Inc.
Eckerd Corporation of Florida, Inc.
Family Dollar Stores
Fleming Companies, Inc.
Food 4 Less of California
Food 4 Less of Southern California, Inc.
Foodland (Sullivan Family of Companies
Foodland Super Market, LTD
Foot Locker, Inc.
Foot Locker Specialties, Inc.,
    individually and as successor-in-interest to F.W. Woolworth Co.
Foot Locker Specialty, Inc.
Four B Corporation d/b/a Balls Food Stores
Fred Meyer Stores, Inc.
Fruth Pharmacy, Inc.
Gerlands Food Fair, LLC
Gerlands, LLC
Giant Eagle, Inc.
Giant Food of Maryland, LLC
Giant Food Stores, LLC

Grocery Outlet Holding Corporation
Grocery Outlet, Inc.
HAC, Inc.
H-E-B, LP
Hughes Markets, Inc.
Hy-Vee, Inc.
Johnson & Johnson
Johnson & Johnson Consumer Inc.
K&B Corporation
K&B Louisiana Corporation
Kings Park Slope, Inc.
Kings Pharmacy
Kings Pharmacy Holdings, LLC
Kings Third Ave. Pharmacy, Inc.
Knorr Street ShopRite, Inc.
La Luz Market, LTD. Co.
Lewis Food Town, Inc.
Longs Drug Stores California, L.L.C.
Longs Drug Stores of Southern California, L.L.C.
Longs Drug Stores, L.L.C.
Lucky Stores, Inc.
Marc Glassman Inc.
Marc Glassman, Inc. d/b/a Marc's Store & Pharmacy
MBF Healthcare Holdings, Inc.
MBF Healthcare Management, LLC
Meijer, Inc.
MMG Equity Partners
Navarro Discount Pharmacies No. 5, LLC
Navarro Discount Pharmacies, LLC
OMJ Pharma, Inc.
Owens & Minor Distribution, Inc.
Owens & Minor, Inc.
Piggly Wiggly Carolina Co.
Piggly Wiggly Carolina Co., Inc.
Piggly Wiggly Companies, Inc.
Piggly Wiggly, LLC
Piggly Wiggly, LLC (subsidiary of C&S Wholesale Grocers)
PTI
PTI Royston LLC, A Georgia Limited Liability Co., d/b/a Pharma Tech Industries
PTI Union, LLC d/b/a Pharma Tech Industries
Publix Super Markets, Inc.
Raley's
Ralphs Grocery Company
Rite Aid
Rite Aid Corporation
Rite Aid Hdqtrs. Corp.
Rite Aid of New York City, Inc.
Rite Aid of New York, Inc.
Rite Aid of Pennsylvania, Inc.
Rite Aid of South Carolina, Inc.
Rouse's Enterprises, L.L.C.
Rouse's Enterprises, L.L.C. d/b/a Rouses Market
Safeway Inc.
Save Mart Supermarkets, Inc.

Schnuck Markets
Schnuck Markets, Inc.
Sedano's Market, Inc.
Shanti Pharmacy Corp.
Shop-Rite Supermarkets, Inc. a/k/a Shop Rite of Knorr Street
Smith Food and Drug Center, Inc.
Southeastern Grocers, Inc.
Stater Bros. Markets
Super Center Concepts, Inc. d/b/a Superior Grocers
Superior Grocers
SuperValu, Inc.
T. Levy Associates, d/b/a Beauty Land Enterprises
T. Levy Associates, Inc. t/d/b/a Beauty Land Enterprises
Target Corporation
The Bartell Drug Company
The Former Johnson & Johnson Consumer Inc.
The Kroger Company
The Stop & Shop Supermarket Company LLC
Thrifty Payless, Inc.
Thrifty White Drug
Tops Holding, LLC
Valeant Pharmaceuticals International
Valeant Pharmaceuticals International, Inc.
Valeant Pharmaceuticals North America LLC
Wakefern Food Corp.
Walgreen Co.
Walgreen Eastern Co., Inc.
Walgreen Pharmacy Strategies, LLC
Walgreens Boots Alliance, Inc.
Walmart Inc.
Wegmans Food Markets, Inc.
Winn-Dixie Stores, Inc.
Woolworth Corporation

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Angelo J. Genova, Esq.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>agenova@genovaburns.com<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel to the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Jeffrey L. Jonas, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* |
| **BAILEY GLASSER LLP**<br>Brian A. Glasser, Esq.<br>Thomas B. Bennett, Esq.<br>bglasser@baileyglasser.com<br>tbennett@baileyglasser.com<br>105 Thomas Jefferson St. NW, Suite 540<br>Washington, DC 20007<br>Tel: (202) 463-2101<br>Fax: (202) 463-2103<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* |

| | |
|---|---|
| **PARKINS LEE & RUBIO LLP**<br>Leonard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinslee.com<br>crubio@parkinslee.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX 77002<br>Tel: (713) 715-1666<br>*Proposed Special Counsel to the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>100 Main Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official Committee of Talc Claimants* |

|  |  |
|---|---|
| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>                Debtor. | Chapter 11<br><br>Case No.: 21-30589(MBK)<br><br>Honorable Michael B. Kaplan |
| **LTL MANAGEMENT LLC,**<br><br>                Plaintiff,<br><br>   v.<br><br>**THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,**<br><br>                Defendants. | Adv. Pro. No. 21-03032 (MBK) |

## ORDER GRANTING THE OFFICIAL COMMITTEE OF TALC CLAIMANTS' MOTION FOR WITHDRAWAL OF THE REFERENCE <u>OF ADVERSARY PROCEEDING NO. 21-03032 (MBK)</u>

UPON the *Official Committee of Talc Claimants' Motion for Withdrawal of the Reference of the Adversary Proceeding* (the "Motion")[1] filed by the Committee appointed in the above-captioned Case, seeking to withdraw the reference of the above-captioned Adversary Proceeding, Adv. Pro. No. 21-03032 (MBK), to the Bankruptcy Court, as more fully set forth in the Motion; and the Court having considered the Motion, any and all filings in support or opposition thereto, all proceedings before the Court with respect thereto, and the record herein as a whole; and the Court having jurisdiction to hear the Motion and grant the relief requested therein pursuant to 28 U.S.C. § 157(d), Fed. R. Bankr. P. 5011, and D.N.J. LBR 5011-1; and good and proper notice of the Motion having been provided; and for good and sufficient cause shown, it is hereby

**ORDERED**, that the Motion is granted as set forth herein; and it is further

**ORDERED**, that pursuant to 28 U.S.C. § 157(d), the reference of the Adversary Proceeding, Adv. Pro. No. 21-03032 (MBK), to the Bankruptcy Court is hereby withdrawn to this Court.

Date: _____

_____

UNITED STATES DISTRICT JUDGE
DISTRICT OF NEW JERSEY

---

[1]     Defined terms used but not defined herein are to be given the meaning ascribed to them in the Motion.



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777  **Fax:** 973.533.1112
**Web:** www.genovaburns.com

November 24, 2021

Clerk
United States District Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street, Courtroom 5E
Trenton, NJ 08608

> **Re:**   **LTL Management, LLC**
> **U.S. Bankruptcy Court D.N.J. Case No.: 21-30589-MBK**
>
> **LTL Management, LLC v. Those Parties Listed on Appendix A to**
> **Complaint and John and Jane Does 1-1000.**
> **U.S. Bankruptcy Court D.N.J. Adv. Pro. No.: 21-03032-MBK**

Dear Clerk of the United States District Court:

The undersigned's firm is proposed local bankruptcy counsel for the Official Committee of Talc Claimants (the "Committee") of LTL Management LLC (the "Debtor"), in the above-referenced matters. Enclosed is a Motion by the Committee to withdraw the reference (the "Motion") of adversary proceeding 21-03032 (the "Adversary Proceeding").

As detailed in the Motion, the above-captioned bankruptcy case was filed in the United States Bankruptcy Court for the Western District of North Carolina (the "WDNC Bankruptcy Court") on October 14, 2021. On November 8, 2021, the WDNC Bankruptcy Court entered an order appointing the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code upon the motion of the United States Bankruptcy Administrator for the Western District of North Carolina. [Case No.: 21-30589; D.I. 355] The Committee has been functioning and performing its duties since appointment.

On November 16, 2021, the WDNC Bankruptcy Court entered an *Order Transferring Case to the District of New Jersey.* [Case No.: 21-30589; D.I. 416] On November 24, 2021, the United States Bankruptcy Court for the District of New Jersey entered the *Stipulation and Agreed Order Authorizing the Official Committee of Talc Claimants to Intervene in Preliminary Injunction Adversary Proceeding* (the "Stipulation to Intervene").



The Committee understands that Chief Judge Freda L. Wolfson oversees that certain related litigation pending in the United States District Court for the District of New Jersey, captioned <u>In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation</u>, assigned case number 16-2738 (the "<u>MDL Litigation</u>"). Based on Her Honor's extensive familiarity with the MDL Litigation, the Committee respectfully submits that Judge Wolfson is best suited to make an ultimate determination on the Committee's Motion. The Motion and this letter have been served on the Debtor and counsel for other parties in interest.

<div style="margin-left: 50%;">

Respectfully submitted,

**GENOVA BURNS LLC**

*/s/Angelo J. Genova*
ANGELO J. GENOVA

DANIEL M. STOLZ
DONALD W. CLARKE
Genova Burns, LLC
494 Broad Street
Newark, New Jersey 07102

</div>

cc: Service List